IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30829
Summary Calendar

_____

In The Matter Of:  HARRAH'S JAZZ COMPANY, INC.,

Debtor.

JOHN L. BRANNON, II,

Appellant,

versus

HARRAH'S JAZZ COMPANY, INC.

Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans
USDC No. 97-CV-737-L

_____

December 23, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

John L. Brannon, II, appeals a bankruptcy court's denial of
his motion for leave to file a proof of late claim.  Because we
find that the district court did not err in affirming the
bankruptcy court's ruling, we affirm.

Brannon was injured in a casino in New Orleans operated by
Harrah's Jazz Company ("HJC") in 1995.  HJC was aware of Brannon's

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

injury and, in fact, paid for Brannon's medical bills.  In 1996, HJC petitioned for relief under Chapter 11 in bankruptcy court. The bankruptcy court set the claims bar date for May 15, 1996. Because Brannon had moved from New Orleans to Florida without leaving a forwarding address, Brannon did not receive notice of the claims bar date.  Brannon apparently did not pursue this matter due to a letter from his attorney, representing that he had until October 26, 1995, to file a claim.  Brannon concluded from this letter that he had until October 26, 1996, in which to file a claim.  In August of 1996, Brannon's new counsel filed his motion for leave to file a late claim.  The bankruptcy court denied the motion and the district court affirmed the bankruptcy court's ruling.

On appeal, the question is whether the bankruptcy court abused its discretion when it concluded that Brannon's failure to file a timely claim was not excusable neglect.  There are four equitable factors to consider in resolving this issue: (1) prejudice to the debtor, (2) the length and potential impact of delay on judicial proceedings, (3) the reason for delay, and (4) whether the movant acted in good faith.  <u>Pioneer Inv. Serv. v. Brunswick Assoc.</u>, 507 U.S. 380, 395 (1993).

The bankruptcy court concluded that, in this case, the delay would prejudice HJC for two reasons.  First, HJC had vacated the casino premises without retaining evidence related to Brannon's claim.  Second, because the reorganization plan calls for HJC to pay 100% dividends to all general unsecured creditors, HJC could be subjected to claims that were not anticipated by the reorganization

plan.  The bankruptcy court also concluded that eight months amounted to a significant delay.  Finally, the bankruptcy court found that Brannon had not advanced an acceptable reason for the delay.  Based on these factors, the bankruptcy court concluded that Brannon's delay was not excusable.

After careful review of the record and study of the briefs, we conclude that the district court did not err in affirming the bankruptcy court's ruling.

A F F I R M E D.